UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:11-cv-24110 - LENARD/Simonton

MPS Entertainment, LLC and
Michael P. Sorrentino,
       Plaintiffs,
v.

Abercrombie & Fitch Stores, Inc.,
       Defendant.
_____/

## DEFENDANT'S MOTION AND MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE IRRELEVANT MATERIAL FROM PLAINTIFFS' COMPLAINT

Defendant Abercrombie & Fitch Stores, Inc. ("A&F") moves to strike irrelevant and redundant matter from Plaintiffs' complaint pursuant to Fed.R.Civ.P. 12(f). A&F is also concurrently moving to dismiss the complaint because the Plaintiffs have failed to state a plausible legal and factual basis for each of their claims.

Fed. R. Civ. P. 12(f) allows the Court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." "District courts have 'broad discretion in disposing of motions to strike' under Fed.R.Civ.P. 12(f)." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002). A motion to strike should be granted where a party fails to allege any facts establishing a connection between the asserted claims and the challenged material. *Id.* (granting motion to strike affirmative defense where defendant failed to plead any facts supporting the defense); *Florida Business Brokers Ass'n, Inc. v. Williams*, 2009 WL 3028311, *1 (M.D. Fla. 2009) (striking affirmative defenses where defendant "set forth no facts which would suggest plausibility").

If the Court does not grant A&F's motion to dismiss the Complaint in its entirety, the Court should strike redundant and immaterial matter from the Complaint. Plaintiffs assert 17 trademark applications in Ex. A to their Complaint for a wide variety of goods and services, but only plead allegations against A&F related to clothing. (*See,* ECF No. 1, ¶¶ 6, 9, 15, 16.) Therefore, the Court should strike from Ex. A the following 13 irrelevant trademark applications asserted by Plaintiffs that do not relate to clothing:

- App. Nos. 85/156,576, 85/407,823, and 85/156,584 covering various entertainment services (ECF No. 1-1, pp. 2-5, 32-33),

1

- App. Nos. 85/168,011 and 85/406,645 covering dietary and nutritional supplements (*Id.*, pp. 16-17, 36-37),
- App. No. 85/156,579 covering computer applications (*Id.*, pp. 18-19),
- App. No. 85/168,019 covering jewelry (*Id.*, pp. 14-15),
- App. Nos. 85/407,814, 85/405,939, and 85/168,006 covering various personal care products (*Id.*, pp. 8-11, 28-29),
- App. No. 85/168,032 covering printed material relating to field of diet, exercise, fitness, health, etc. (*Id.*, pp. 12-13),
- App. No. 85/167,978 covering various types of bags (*Id.*, pp. 30-31), and
- App. No. 85/167,990 covering health and fitness spa services. (*Id.*, pp. 34-35.)

Plaintiffs' inclusion of these irrelevant applications unnecessarily expands the scope of the litigation and prejudices A&F by subjecting them to needless increased costs which bear no relation to Plaintiffs' allegations in the Complaint.

Further, in paragraph 1 of their prayer for relief, Plaintiffs request relief pursuant to Fla. Stat. § 465.141, but no such statute exists, and therefore the Court should strike this immaterial reference from the Complaint. Finally, the Court should also strike pages 24-25 of ECF No. 1-1 as redundant because Plaintiffs included the same application twice.

For the foregoing reasons, A&F respectfully requests that the Court strike pages 2-5, 8-19, 24-25, 28-37 from ECF No. 1-1, as well as strike the reference to Fla. Stat. § 465.141 in paragraph 1 of Plaintiff's prayer for relief.

Respectfully submitted,

/s Gerald J. Houlihan
Gerald J. Houlihan (Florida Bar No. 0458430)
Email:  houlihan@houlihanlaw.com
Houlihan & Partners, P.A.
2332 Galiano Street, Second Floor
Miami, Florida 33134
Telephone:     (305) 460-4091
Facsimile:     (305) 397-0955
Attorneys for Abercrombie & Fitch Stores, Inc.

OF COUNSEL

John G. Froemming, Esq.
jfroemming@jonesday.com
Jessica D. Bradley, Esq.
jbradley@jonesday.com
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:     202-879-4693
Facsimile:     202-626-1700

**CERTIFICATE OF SERVICE**

       I hereby certify that on December 12, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

                                              /s Gerald Houlihan_____
                                               Gerald J. Houlihan

**SERVICE LIST**

Darren Adam Heitner , Esq.
Koch Parafinczuk & Wolf
110 E. Broward Blvd.
Suite 1630
Fort Lauderdale, FL 33301
Telephone:    954-462-6700
Facsimile:    954-462-6567
Email: dheitner@wolfelawmiami.com


Richard Charles Wolfe, Esq.
Wolfe Law Miami, P.A.
175 SW 7 Street, Penthouse 2410
Miami, FL 33131
Telephone:    305-384-7370
Facsimile:    305-384-7371
Email: rwolfe@wolfelawmiami.com