UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-24110-CIV-LENARD/O'SULLIVAN

**MPS ENTERTAINMENT, LLC** and
**MICHAEL P. SORRENTINO**,

    Plaintiffs,

v.

**ABERCROMBIE & FITCH STORES,
INC.** and **ABERCROMBIE & FITCH
CO.**,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT (D.E. 46)

**THIS CAUSE** is before the Court on Plaintiffs MPS Entertainment, LLC and Michael P. Sorrentino's Motion for Leave to Amend Complaint ("Motion," D.E. 46), filed on May 4, 2012. Defendants Abercrombie & Fitch Stores, Inc. and Abercrombie & Fitch Co. ("A&F") filed their Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint ("Response," D.E. 57) on May 21, 2012. No reply was filed. Having considered the Motion, the Response, and the record, the Court finds as follows.

**I.**    **Background**

This case involves allegations of trademark infringement and unfair competition regarding Defendants' alleged use of marks owned by Plaintiffs on clothing and in

advertisements. Plaintiffs filed suit on November 15, 2011 (D.E. 1). On December 12, 2011, Defendants filed motions to dismiss and strike the complaint (D.E. 6, 7). Rather than respond to the motions, Plaintiffs filed an amended complaint on January 4, 2012 (D.E. 19). On January 24, 2012, Defendants filed motions to dismiss and strike the amended complaint (D.E. 27, 28).[1] Plaintiffs filed their responses on February 8, 2012 (D.E. 32, 33), to which Plaintiffs filed their replies on February 21, 2012 (D.E. 35, 36).

Prior to the filing of Defendants' motions to dismiss and strike the amended complaint, on January 13, 2012, the Parties filed a Joint Scheduling Report and Joint Scheduling Form (D.E. 25, 25-1), wherein the Parties proposed the Court set the deadline for motions to amend pleadings as May 30, 2012. On February 24, 2012, the Court issued its Scheduling Order (D.E. 38), wherein it adopted the Parties' proposed deadline and provided the Parties until May 30, 2012 to amend the pleadings.

On May 4, 2012, weeks before the Court's May 30, 2012 deadline for amendment of pleadings, Plaintiffs filed their Motion for Leave to Amend Complaint (D.E. 46). Plaintiffs "seek leave for permission to file a Second Amended Complaint to add a trademark infringement claim against Defendants for using Plaintiffs' trademark 'The Situation' in its advertising campaign." (Motion 2.) In their Response, Defendants argue that Plaintiffs' proposed amendment is futile because "A&F's reference to Michael 'The Situation' Sorrentino is not trademark use, but rather is a nominative fair use." (Response 4-8.)

---

[1] On January 25, 2012, the Court denied Defendants' original motions to dismiss and strike the complaint as moot (D.E. 29).

2

Defendants further contend that because Plaintiffs unnecessarily delayed in bringing a trademark infringement claim in connection with the press release and Plaintiffs have already had two opportunities to assert cognizable claims, Defendants would be unfairly prejudiced by allowing Plaintiffs to amend their complaint for a second time.  (Id. at 8-9.)

**II.   Discussion**

Rule 15 of the Federal Rules of Civil Procedure instructs the Court to "freely give leave" for a plaintiff to file an amended complaint "when justice so requires." FED. R. CIV. P. 15(a)(2).  "'Although leave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment.'"  Maynard v. Bd. of Regents, 342 F.3d 1281, 1287 (11th Cir. 2003) (quoting Brewer-Giorgio v. Producers Video, Inc., 216 F.3d 1281, 1284 (11th Cir. 2000)).

Here, the Court finds that there is no reason to deny Plaintiffs' Motion for Leave to Amend Complaint under Rule 15.  Plaintiffs did not unduly delay the filing of their Motion.  Plaintiffs filed their Motion well within the Court's May 30, 2012 deadline for amendment of pleadings and months before the close of discovery.  Furthermore, Defendants will not be prejudiced by the amendment to the complaint.  Both fact and expert discovery are ongoing, the dispositive motions deadline is not until November 1, 2012, and trial is not set to begin until March 2013.  See Bamm, Inc. v. GAF Corp., 651 F.2d 389, 391-92 (5th Cir. Unit B 1981) (per curiam) (finding no prejudice because "[d]iscovery had not been completed at the

3

time of the filing of leave to amend")[2]; see also Williams v. R.W. Cannon, Inc., Case No. 08-60168-CIV, 2008 WL 2229538, at *2 (S.D. Fla. May 28, 2008) (finding no prejudice when the motion for leave to amend was filed when there was six weeks left to complete discovery). Finally, without making a determination on the merits of the trademark infringement claims, the Court is unable to evaluate at this stage Defendants' argument that the amendment would be futile because "A&F's reference to Michael 'The Situation' Sorrentino is not trademark use, but rather is a nominative fair use." Therefore, because under Rule 15 the Court "should freely grant leave [to file an amended complaint] when justice so requires," Plaintiffs are permitted to file their amended complaint.

**III.   Conclusion**

Accordingly, it is **ORDERED AND ADJUDGED** that, as consistent with this Order:

**1.**   Plaintiff's Motion for Leave to Amend Complaint (D.E. 46), filed on May 4, 2012, is **GRANTED**;

**2.**   Plaintiff must refile its amended complaint within seven (7) days of this Order; and

**3.**   Defendants must file their responses to Plaintiffs' amended complaint within the time period set forth in the Federal Rules of Civil Procedure.

---

[2]   In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981.

**DONE AND ORDERED** in Chambers at Miami, Florida this 14th day of June, 2012.

/s/ Joan A. Lenard
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**