UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:11-cv-24110 - LENARD/O'Sullivan

MPS Entertainment, LLC and
Michael P. Sorrentino,

                        Plaintiffs,

v

Abercrombie & Fitch Stores, Inc. and
Abercrombie & Fitch Co.,

                        Defendants.
_____/

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION
TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT
<u>FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED</u>**

# TABLE OF CONTENTS

|     |     | Page |
| --- | --- | --- |
| I.  | Plaintiffs Have Not Stated A Cognizable Trademark Infringement Or Unfair Competition Claim | 1 |
|     | A. Plaintiffs Did Not Own Any Trademark Rights To "The Situation" For Apparel At The Time A&F Introduced Its Parody T-Shirt | 2 |
|     | B. The Fair Use Test in The Copyright Act Applies Only To Copyright Claims | 4 |
|     | C. A&F's Use Warrants First Amendment Protection As A Matter of Law | 5 |
| II. | Plaintiffs Do Not Deny Their Failure To Allege A False Advertising Claim Under 15 U.S.C. § 1125(a) | 6 |
| III. | Plaintiffs Have Not Pled A Basis For A Fla. Stat. § 495.151 Dilution Claim | 7 |
| IV. | Plaintiffs Have Not Sufficiently Pled A Fla. Stat. § 540.08 Claim | 8 |
| V.  | Plaintiffs Do Not Deny That They Failed To Plead Required Elements Of A Fla. Stat. § 817.41 Claim | 10 |
| VI. | Conclusion | 10 |

# **TABLE OF AUTHORITIES**

                                                          **Page**

**CASES**

*Ameritox, Ltd. v. Millennium Labs., Inc.*,
   2012 WL 33155 (M.D. Fla. 2012) ......................................................................................... 6

*Ashcroft v. Iqbal,*
   556 U.S. 662, 129 S.Ct. 1937 (2009) .................................................................................... 1

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................................... 1

*Benard Indus. v. Bayer AG*,
   1996 U.S. Dist. LEXIS 15622 (S.D. Fla. 1996) ................................................................... 1

*Burnett v. Twentieth Century Fox Film Corp.*,
   491 F. Supp. 2d 962 (C.D. Cal. 2007) .................................................................................. 5

*Campbell v. Acuff-Rose Music, Inc.*,
   510 U.S. 569 (1994) ............................................................................................................... 4

*Chen v. Cayman Arts, Inc.*,
   757 F. Supp.2d 1294 (S.D. Fla. 2010) ................................................................................. 9

*Complete Angler, LLC v. City of Clearwater*,
   607 F. Supp. 2d 1326 (M.D. Fla. 2009) .............................................................................. 6

*Cory Van Rijn, Inc. v. Cal. Raisin Advisory Bd.*,
   697 F.Supp. 1136 (E.D. Cal. 1987) ..................................................................................... 3

*Custom Mfg. and Eng'g, Inc. v. Midway Servs., Inc.*,
   508 F.3d 641 (11th Cir. 2007) .............................................................................................. 1

*Dan Tana v. Dantanna's*,
   611 F.3d 767 (11th Cir. 2010) .............................................................................................. 4

*Faulkner Press, LLC v. Class Notes, LLC*,
   756 F. Supp. 2d 1352 (N.D. Fla. 2010) ............................................................................... 9

*Futuristic Fences, Inc. v. Illusion Fence Corp.*,
   558 F. Supp. 2d 1270 (S.D. Fla. 2008) ................................................................................ 6

*Gift of Learning Found., Inc. v. TGC Inc.*,
   329 F.3d 792 (11th Cir. 2003) ........................................................................................ 3, 4

*Gritzke v. M.R.A. Holdings, LLC*,
   2002 WL 32107540 (N.D. Fla. 2002) .................................................................................. 8

# TABLE OF AUTHORITIES
## (continued)

Page

*Harper & Row, Publishers, Inc. v. Nation Enterprises*,
    471 U.S. 539 (1985) ................................................................................................4

*Igloo Products Corp. v. Brantex, Inc.*,
    202 F.3d 814 (5th Cir. 2000) ...................................................................................2

*In re Bose Corp.*,
    772 F.2d 866 (Fed. Cir. 1985) .................................................................................2

*Jackam v. Hospital Corp. of Am.*,
    800 F.2d 1577 (11th Cir. 1986) ...............................................................................1

*Jackson v. Grupo Ind. Hotelero, S.A.*,
    2009 U.S. Dist. LEXIS 116770 (S.D. Fla. 2009) .....................................................9

*John Daly Enterprises, L.L.C. v. Hippo Golf Co.*,
    646 F. Supp.2d 1347 (S.D. Fla. 2009) .....................................................................8

*Joseph Burstyn, Inc. v. Wilson*,
    343 US 495 (1952) ...................................................................................................9

*Lane v. MRA Holdings, LLC*,
    242 F. Supp.2d 1205 (M.D. Fla. 2002) ..................................................................10

*Loft v. Fuller*,
    408 So.2d 619 (Fla. 4th DCA 1982) ......................................................................10

*MoniLisa Collection, Inc. v. Clarke Products, Inc.*,
    2011 WL 2892620 (M.D. Fla. 2011) .......................................................................6

*Nottage v. American Express*,
    452 So.2d 1066 (Fla. 4th DCA 1981) ......................................................................9

*Nutrivida, Inc. v. Inmuno Vital, Inc.*,
    1997 WL 1106569 (S.D. Fla. 1997) ......................................................................10

*Pensacola Motor Sales v. Eastern Shore Toyota, LLC*,
    2010 WL 3781552 (N.D. Fla. 2010) ........................................................................7

*Sinaltrainal v. Coca-Cola Co.*,
    578 F.3d 1252 (11th Cir. 2009) ...............................................................................1

*Sony Corp. of America v. Universal City Studios, Inc.*,
    464 U.S. 417 (1984) .................................................................................................5

WAI-3079475v1

# TABLE OF AUTHORITIES
## (continued)

Page

*Sun Intl. Bahamas, Ltd. v. Wagner*,
   758 So.2d 1190 (Fla. 3d DCA 2000) .................................................................................9

*Tally-Ho Inc. v. Coast Cmty. Coll. Dist.*,
   889 F.2d 1018 (11th Cir. 1990) .........................................................................................1

*Toho Co. v. Sears, Roebuck & Co.*,
   645 F.2d 788 (9th Cir. 1981) .............................................................................................5

*Tyne v. Time Warner Entertainment Co.*,
   901 So.2d 802 (2005) .......................................................................................................10

*Univ. of Ala. Bd. Of Trustees v. New Life Art, Inc.*,
   2012 WL 2076691 (11th Cir. 2012) ...............................................................................5, 6

*Valentine v. CBS*,
   698 F.2d 430 (11th Cir. 1983) ......................................................................................8, 10

*Weinstein Design Group, Inc. v. Fielder*,
   884 So.2d 990 (Fla. 4th DCA 2004) ..................................................................................8

**STATUTES**

17 U.S.C. § 107..........................................................................................................................4

Fla. Stat. § 495.151 .................................................................................................................7, 8

Fla. Stat. § 540.08 ..................................................................................................................8, 10

Fla. Stat. § 817.41 .....................................................................................................................10

**RULES**

Fed. R. Civ. P. 8(a)(2)................................................................................................................1

Fed. R. Civ. P. 12(b)(6)..............................................................................................................1

**OTHER AUTHORITIES**

*McCarthy on Trademarks and Unfair Competition* § 24:41 ........................................................3

*McCarthy on Trademarks and Unfair Competition* § 31:155 ......................................................5

*McCarthy on Trademarks and Unfair Competition* § 32:137 ......................................................2

The Defendants ("A&F") respectfully submit this reply in support of their motion to dismiss the Second Amended Complaint ("SAC") of Plaintiffs MPS Entertainment, LLC ("MPS"), and Michael P. Sorrentino ("Sorrentino") pursuant to Fed. R. Civ. P. 12(b)(6). Based on "the four corners" of Plaintiffs' complaint and exhibits, they have failed to state a plausible legal and factual basis for each claim.[1]   Fed. R. Civ. P. 8(a)(2) "demands more than an unadorned the-defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).  Plaintiffs' allegations are not well pled, and the mere pleading of legal conclusions couched as facts is not accepted as true. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).[2]

## I.   Plaintiffs Have Not Stated A Cognizable Trademark Infringement Or Unfair Competition Claim

Plaintiffs concede (at p. 5) that to establish a trademark infringement claim, they must prove that they had prior enforceable trademark rights in the alleged "The Situation" trademark. *Custom Mfg. and Eng'g, Inc. v. Midway Servs., Inc.*, 508 F.3d 641, 647 (11th Cir. 2007); *Tally-Ho Inc. v. Coast Cmty. Coll. Dist.*, 889 F.2d 1018, 1022 (11th Cir. 1990).  "Under the common law, trademark rights are appropriated only through *actual* prior use in commerce." *Tally-Ho Inc.*, 889 F.2d at 1022.  While Plaintiffs do not need to own trademark registrations in order to state a trademark infringement claim under the common law, they are required to show actual use prior to A&F's use.  Plaintiffs have not alleged actual use on apparel prior to A&F's alleged

---

[1] Plaintiffs' one and half spaced brief (ECF No. 75) violates Judge Lenard's order requiring that all filings be double-spaced (ECF No. 38, p. 10) and S.D. Fla. R. 5.1(a)(4) requiring 12 point font for all text including footnotes.

[2] Plaintiff relies on *Jackam v. Hospital Corp. of Am.*, 800 F.2d 1577, 1579 (11th Cir. 1986) to assert its right to discovery, but *Jackam* was decided under the "no set of facts" 12(b)(6) standard that the U.S. Supreme Court overruled in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562-63 (2007), and therefore is inapplicable.  *Benard Indus. v. Bayer AG*, 1996 U.S. Dist. LEXIS 15622, *3 (S.D. Fla. 1996), relied on by Plaintiffs at p. 4, is inapplicable for the same reason.

use, and pending intent-to-use trademark applications establish neither the requisite prior use nor strength of unused marks or any exclusive rights.[3] Plaintiffs' claim as to the parody shirt must therefore be dismissed.

### A. Plaintiffs Did Not Own Any Trademark Rights To "The Situation" For Apparel At The Time A&F Introduced Its Parody T-Shirt

Plaintiffs continue to misstate both the mark and the services covered by their invalid Reg. No. 3,635,203.  Plaintiffs do not own a trademark registration for the mark "The Situation" in connection with clothing.  Plaintiffs only acquired in June 2011 a third party registration for an upside-down stylized "Situation" & Design mark covering "*retail store services* featuring men's, women's and children's apparel, footwear, and accessories."  Even if valid,[4] any rights afforded by Reg. No. 3,635,203 are limited to the upside-down composite design mark and the goods specified in the registration, which accordingly confers no rights to Plaintiffs over the word "Situation" by itself or for clothing.  *McCarthy* § 32:137 ("presumption of validity is limited to the exact format of the mark as registered" and of "the goods specified in the registration"); *Igloo Products Corp. v. Brantex, Inc.*, 202 F.3d 814, 817 (5th Cir. 2000) ("prima facie presumption, however, pertains to the whole mark--in this case the words-plus-penguin composite--rather than to any individual portion of the mark"); *In re Bose Corp.*, 772 F.2d 866, 873 n.5 (Fed. Cir. 1985) ("registration affords prima facie rights in the mark *as a whole*, not in any component") (emphasis in original).  The upside-down design of Plaintiffs' Reg. No. 3,635,203 is substantially different from both A&F's parody t-shirt and A&F's textual reference

---

[3] Plaintiffs' pending applications for "The Situation" covering clothing are mere intent-to-use trademark applications, as shown by the "1(b)" filing basis and "date not available" entries for the "first use date" and "first use in commerce date."  (*See* ECF No. 72-2, pp. 9, 30, 34.)

[4] As explained in A&F's motion to strike (ECF No. 71, pp. 4-8), Plaintiffs acquired Reg. No. 3,635,203 through an invalid assignment which invalidated any presumption of validity.

2

to Plaintiff Sorrentino by his nickname "The Situation" in its press release, and thus cannot form a plausible basis for a trademark infringement claim. *McCarthy* § 24:41 (summary dismissal proper where "conflicting marks are overwhelmingly dissimilar"); *Cory Van Rijn, Inc. v. Cal. Raisin Advisory Bd.*, 697 F.Supp. 1136, 1145 (E.D. Cal. 1987) (12(b)(6) dismissal where "absence of substantial similarity leaves little basis for asserting a likelihood of confusion").

Both Plaintiffs' acquisition of Reg. No. 3,635,203 and their admitted first alleged *trademark* use on clothing of "The Situation" occurred *after* A&F's offer of parody t-shirts and thus Plaintiffs have not alleged the requisite prior use to state a claim. Plaintiffs do not deny that they did not acquire Reg. No. 3,635,203 until June 7, 2011 (ECF No. 71-1 p. 4),[5] long after Defendants introduced their parody t-shirts, which Plaintiffs allege (at p. 2 of their Response Brief and in the SAC (ECF No. 68 ¶ 13)) occurred in 2010. Plaintiffs also cannot avoid dismissal through vague and contradictory allegations regarding their own first use of their alleged mark on t-shirts. In the SAC Plaintiffs allege that they *currently* sell t-shirts with their alleged mark (ECF No. 68 ¶ 11), while also contradictorily and conclusorily alleging first use of their mark on goods in both 2009 (*Id.* ¶ 68) and in 2010 (*Id.* ¶ 11).[6] Plaintiffs' vague and contradictory allegations do not establish the requisite use before A&F's sale of parody t-shirts, and Plaintiffs thus cannot state a claim for trademark infringement as to A&F's t-shirt.

Plaintiffs' conclusory assertion of secondary meaning, without any supporting facts, is also insufficient to meet the standard required to state a claim.[7] *Gift of Learning Found., Inc. v.*

---

[5]  The USPTO assignment is a public record of which the Court may take judicial notice.

[6] Plaintiffs' new allegation (at p. 1) of use in connection with t-shirts in 2009 contradicts the SAC, and their admission in this case that such use did not begin at the earliest until June 2010. (ECF No. 72-4, p. 3.)

[7] Plaintiffs do not deny that A&F's use of its own famous FITCH trademark obviates any likelihood of confusion, and cites no case supporting its contention that ornamental use is a

3

*TGC Inc.*, 329 F.3d 792, 800 (11th Cir. 2003) (plaintiff has burden of "sustaining a high degree of proof establishing secondary meaning"). Plaintiffs allege that Sorrentino's personal nickname is "The Situation" (ECF No. 68 ¶ 4 & p. 19 ¶ 1) and thus bear the burden of establishing secondary meaning. *Dan Tana v. Dantanna's*, 611 F.3d 767, 774 (11th Cir. 2010) (names are descriptive terms which require proof of secondary meaning). Plaintiffs' appearance on a television show produced by MTV does not establish association of its nickname with any good or service offered by Plaintiffs. *Gift of Learning Found.*, 329 F.3d at 801 ("plaintiff has not demonstrated a connection between the mark and the plaintiff's business"). Plaintiffs do not plead allegations regarding any of the factors considered by the Eleventh Circuit in determining if secondary meaning has been established. (*See* A&F's Op. Brief, ECF No. 72 pp. 4-6.)[8]

### B. The Fair Use Test in The Copyright Act Applies Only To Copyright Claims

The fair use standard argued by Plaintiffs, codified at §107 of the Copyright Act, applies only to copyright violations, and is not the test for parody. *See* 17 U.S.C. § 107 ("the fair use of a copyrighted work"). Additionally, the cases relied on by Plaintiffs relate only to copyright infringement. *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 571-72 (1994) ("We are called upon to decide whether…may be a fair use within the meaning of the Copyright Act of 1976"); *Harper & Row, Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 541-42 (1985) ("This case requires us to consider to what extent the 'fair use' provision of the Copyright Revision Act of

---

(continued…)

matter of fact for the jury.

[8] The consent orders referenced by Plaintiffs at p. 2 are inapplicable. *See MPS Entertainment, LLC v. GTL Fuel, LLC*, Case No. 1:11-cv-23758, ECF No. 10, p. 2 (entered consent injunction relating only to alleged GTL mark no longer at issue in this case); *MPS Entertainment, LLC v. Fletcher*, Case No. 1:11-cv-21765, ECF Nos. 21, 24 (entered injunction agreed upon by parties in a stipulated settlement).

1976, [] 17 U.S.C. § 107…); *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 447 (1984) (§107 describes "uses of copyrighted material that 'are not infringements of copyright'").

A&F's use was a parody, which is not an actionable trademark use under the Lanham Act. (*See* A&F's Op. Br., p. 8.) Plaintiffs do not deny the facts establishing that A&F's t-shirt was a parody,[9] and A&F's parody is clear from the face of its t-shirt. Accordingly, no evidence beyond the t-shirt itself, which Plaintiffs have already filed as an exhibit to their SAC, is needed to grant A&F's motion, and courts have held that parody claims can and should be decided at the motion to dismiss stage. *See Toho Co. v. Sears, Roebuck & Co.*, 645 F.2d 788, 791 (9th Cir. 1981) (12(b)(6) dismissal of BAGZILLA parody of GODZILLA); *Burnett v. Twentieth Century Fox Film Corp.*, 491 F. Supp. 2d 962, 972 (C.D. Cal. 2007) (12(b)(6) dismissal based on parody because "[w]here a defendant uses a variation on plaintiff's mark merely to make a clever turn of phrase…then confusion as to source, sponsorship, affiliation or connection is unlikely").[10]

### C. A&F's Use Warrants First Amendment Protection As A Matter of Law

A&F's reference to Sorrentino by his nickname in the press release does not meet the definition of commercial speech.[11] Commercial speech is that which does no "more than

---

[9] A&F has taken its trademark "FITCH" and replaced "Sitch" in "The Situation" for a humorous "pun" or play on words. None of the facts supporting A&F's parody are outside the SAC: A&F's trade name is Abercrombie & Fitch and establishes A&F's rights in "FITCH" (ECF No. 68 ¶ 6), Plaintiffs allege that "The Situation" is Sorrentino's nickname (ECF 68 ¶ 4 & p. 19), and A&F's poking fun at Sorrentino's nickname is self-evident in the t-shirt that Plaintiffs attach as an exhibit to their SAC. (ECF No. 68-4.)

[10] The mere fact that A&F's t-shirt "call[s] to mind" Plaintiffs' alleged trademarks is an insufficient basis for a claim. *McCarthy* § 31:155. ("What must be kept in mind in such cases is that 'confusion' means more than that the junior user[]…merely 'calls to mind' the senior user's mark. That the defendant's joke mark calls the plaintiff's mark to mind is necessary for the[re] to be a humorous parody at all.").

[11] Commercial speech is protected by the First Amendment. *Univ. of Ala. Bd. Of Trustees v. New*

5

WAI-3079475v1

propose a commercial transaction." *Univ. of Ala. Bd. Of Trustees v. New Life Art, Inc.,* 2012 WL 2076691, *7 (11th Cir. 2012); *Complete Angler, LLC v. City of Clearwater,* 607 F. Supp. 2d 1326, 1332 (M.D. Fla. 2009).  A&F's efforts to protect its intellectual property by responding to this public figure's unauthorized display of its trademarked products on a nationally televised program did not propose any commercial transaction, and is fully protected by the First Amendment.  (*See* ECF No. 68 ¶ 12, 68-2.)

## II. Plaintiffs Do Not Deny Their Failure To Allege A False Advertising Claim Under 15 U.S.C. § 1125(a)

Plaintiffs do not deny that they failed to allege basic elements of a false advertising claim including materiality, falsity, commercial advertising or promotion, and misrepresentation regarding goods.[12]  Plaintiffs assert that they plead "six false statements" but never identify the required specific statements of fact, rather than opinion, necessary to state a claim.[13]  Plaintiffs misquote (at p. 3) A&F's letter to MTV containing the offer, in an attempt to create a falsity where one does not exist.  A&F's letter actually states that A&F "would be willing *to pay* MTV *or Mr. Sorrentino* or other characters," and as such includes an offer to Mr. Sorrentino.  Far from

---

(continued…)

*Life Art, Inc.*, 2012 WL 2076691, *7 (11th Cir. 2012) (recognizing constitutional protection for commercial speech; "no matter that the dissemination [of speech] takes place under commercial auspices," in holding paintings, prints and calendars entitled to full First Amendment protection).

[12] Courts in this Circuit have granted 12(b)(6) dismissal of false advertising claims where merely some of these elements were lacking. *Ameritox, Ltd. v. Millennium Labs., Inc.*, 2012 WL 33155, *3 (M.D. Fla. 2012) (12(b)(6) dismissal where plaintiff failed to allege facts supporting material deception); *MoniLisa Collection, Inc. v. Clarke Products, Inc.*, 2011 WL 2892620, *3 (M.D. Fla. 2011) (12(b)(6) dismissal where statements about design origin of plaintiff's product not actionable); *see also Futuristic Fences, Inc. v. Illusion Fence Corp.*, 558 F. Supp. 2d 1270, 1281-82 (S.D. Fla. 2008) (letters were sent "not as a marketing and sales tool, but in an attempt to protect [defendant's] legal rights").

[13]  *See* ECF No. 72, pp. 11-13, noting the statements of opinion and that the fact versus opinion distinction is one of law to be decided by the judge.

6

being "new facts," Plaintiffs have always alleged facts demonstrating the lack of a claim--including that A&F sent a letter to MTV (ECF No. 68 ¶ 25)[14] which on its face contains an offer to Sorrentino (ECF No. 72-1), that Sorrentino wore A&F clothing on the Jersey Shore show (*id.* ¶ 12), and the text of the press release Plaintiffs attach as an exhibit referencing the fact that Sorrentino wore A&F product and states A&F's desire *not* to be associated with Sorrentino. (ECF No. 68-2).

### III.     Plaintiffs Have Not Pled A Basis For A Fla. Stat. § 495.151 Dilution Claim

Fla. Stat. § 495.151 establishes a cause of action for trademark dilution, not trademark infringement, and therefore is governed by the analysis of a federal *dilution* claim, not a claim for federal trademark infringement.[15] *Pensacola Motor Sales v. Eastern Shore Toyota, LLC*, 2010 WL 3781552, *4 (N.D. Fla. 2010).

Plaintiffs allege no facts that support their conclusory allegation that their alleged "The Situation" trademark is famous, and their bald assertion of fame is insufficient to state a claim. (*See* A&F's Op. Br. p. 15-16.)[16] They failed to plead that their alleged trademark became famous before A&F used its parody slogans on t-shirts in 2010, and have not pled any facts showing that A&F's parody has likely caused dilution, and cannot plead any such facts as A&F's

---

[14] The "four corners" of Plaintiffs' Exs. B and C demonstrate that A&F's press release was issued on August 16, 2011, subsequent to A&F sending the offer letter to MTV, and therefore the statement in A&F's press release that an offer had been made is not false. (ECF No. 68-2 p. 2 (by-line of A&F's press release bears the date Aug. 16, 2011 at 6:50pm); ECF Nos. 68-2 p. 4 and 68-6 p. 2 (news articles dated Aug. 18, 2011 stating that A&F's press release was issued on "Tuesday" which was Aug.16).) Plaintiffs contradictorily argue at fn. 1 that the date A&F sent the letter to MTV "is of no consequence" when their SAC relies on the date issue as the basis for falsity, and then later at p. 19 rely on the alleged date issue to support their state claims.

[15] Plaintiffs do not deny that Fla. Stat. § 495.151 does not provide a cause of action for false advertising. Their false advertising claim under Fla. Stat. § 495.151 should also be dismissed.

[16] Plaintiffs have not pled facts supporting any of the factors listed Fla. Stat. § 495.151(1)(a)-(h) that may be used to determine whether a mark is famous in Florida.

7

parody is protected by the First Amendment. As Plaintiffs have not pled facts even establishing a likelihood of confusion between any of their alleged marks and A&F's use of a parody slogan on a t-shirt, they cannot show dilution under Florida law.[17]

### IV. Plaintiffs Have Not Sufficiently Pled A Fla. Stat. § 540.08 Claim

Plaintiffs do not deny that they must allege that A&F's press release "directly promote[d] a product or service" in order to state a claim under Fla. Stat. § 540.08.[18] *Valentine v. CBS*, 698 F.2d 430, 433 (11th Cir. 1983). A&F's press release in response to Sorrentino's wearing of A&F product does not promote a product or service, and explicitly disassociates itself from any notion that A&F sponsored or approved his wearing clothing with prominent A&F trademarks on Jersey Shore.[19] Plaintiffs have not plead and cannot plausibly establish this required element.

The cases cited by Plaintiff are inapposite, as in each case the defendant was directly promoting a product or service. *See Weinstein Design Group, Inc. v. Fielder*, 884 So.2d 990 (Fla. 4th DCA 2004) (designer directly promoted design services *provided to plaintiff* without consent in article unrelated to plaintiff); *Gritzke v. M.R.A. Holdings, LLC*, 2002 WL 32107540, *1 (N.D. Fla. 2002) (challenged use directly on packaging and in ads for product); *John Daly Enterprises,*

---

[17] Plaintiffs do not deny that an injury to business reputation claim is subsumed within their § 495.151 claim, and accordingly this claim should be dismissed on the same basis described above. Plaintiffs do not delineate what the elements are of their alleged injury to business reputation claim are, or provide any basis for why it is not duplicative of and subsumed into their § 495.151 claim.

[18] Regardless of Plaintiffs' assertion to the contrary, their vague, broad allegations in the SAC that attempt to state a claim under Fla. Stat. § 540.08 could encompass A&F's t-shirts as well as the press release, and the press release's title contains a parody, and accordingly A&F maintains its parody defense against this claim.

[19] Plaintiffs cannot plausibly show that A&F's offer was a fabrication where the offer was made both in A&F's letter to MTV, conveying the offer to both Sorrentino and other castmates (ECF No. 72-1), and reiterated in A&F's letter to Plaintiffs' counsel, which Plaintiffs included as an exhibit to their SAC. (ECF No. 68-3 ("we reiterate our desire not to have your client wear our clothing and our willingness to pay him to refrain from doing so").

8

*L.L.C. v. Hippo Golf Co.*, 646 F. Supp.2d 1347, 1351 (S.D. Fla. 2009) (informing public that golf superstar Daly will continue "to be synonymous" with defendant's golf products is direct promotion); *Chen v. Cayman Arts, Inc.*, 757 F. Supp.2d 1294, 1300 (S.D. Fla. 2010) (name used in direct connection with offer for sale of artwork); *Nottage v. American Express*, 452 So.2d 1066, 1068 (Fla. 4th DCA 1981) (used plaintiff's photo in poster ads); *Jackson v. Grupo Ind. Hotelero, S.A.*, 2009 U.S. Dist. LEXIS 116770, *9 (S.D. Fla. 2009) (used plaintiff's photo on website to promote a spring break event); *Sun Intl. Bahamas, Ltd. v. Wagner*, 758 So.2d 1190 (Fla. 3d DCA 2000) (unauthorized use of plaintiff's photo in brochure after license expired).

Contrary to Plaintiffs' lead argument, First Amendment protection is not limited to "artistic expression." *See Joseph Burstyn, Inc. v. Wilson*, 343 US 495, 501 (1952) (finding magazines and newspapers are forms of expression protected by the First Amendment); *Tyne v. Time Warner Entertainment Co.*, 901 So.2d 802 (2005) ("While few courts have addressed the question of the parameters of the right of publicity in the context of expressive activities, their response has been consistent. *Whether the publication involved was factual and biographical or fictional, the right of publicity has not been held to outweigh the value of free expression.*"; Florida right of publicity statute "does not apply to *publications*, including motion pictures, which do not directly promote a product or service.") (emphasis added). Accordingly, A&F's press release merits the First Amendment protection recognized by Florida courts to trump right of publicity in this context.

Further, as a matter of law, the mere use of a name by a commercial entity does not make the use commercial, and the cases relied on by Plaintiffs establish that A&F's use is not actionable. In *Faulkner Press, LLC v. Class Notes, LLC*, the Court found that the use of a professor's name *on the product itself* --there, compilations of class notes-- sold for profit was

9

not a violation of § 540.08, as the use, like A&F's in the press release, was merely for identification purposes. 756 F. Supp. 2d 1352, 1360 (N.D. Fla. 2010); *see also Valentine*, 698 F.2d at 432-33 (statute does not "absolutely bar[] the use of an individual's name without consent;" and no violation found where challenged work described true events in which plaintiff participated); *Lane v. MRA Holdings, LLC*, 242 F. Supp.2d 1205, 1213 (M.D. Fla. 2002) (no liability under § 540.08 where plaintiff "never shown endorsing or promoting a product"); *Loft v. Fuller*, 408 So.2d 619, 622 (Fla. 4th DCA 1982) (granting 12(b)(6) dismissal as § 540.08 encompasses only "a direct advertisement of the publisher's product"); *Tyne*, 901 So.2d 802, 805 (2005) ("[m]erely using an individual's name or likeness in a publication is not actionable under §540.08").

## V.     Plaintiffs Do Not Deny That They Failed To Plead Required Elements Of A Fla. Stat. § 817.41 Claim

Plaintiffs' only response regarding their Fla. Stat. § 817.41 claim is to incorrectly assert that A&F's statements of opinion, and true statement about its offer to Sorrentino and other castmates, meet the definition of "misleading advertising." As previously explained, a Fla. Stat. § 817.41 claim requires Plaintiffs to plead and prove five distinct elements.[20] Plaintiffs do not deny that they have not plead these elements.

## VI.    Conclusion

For the foregoing reasons, the Court grant A&F's motion to dismiss Plaintiffs' SAC.

Dated:   July 16, 2012

                                    Respectfully submitted,

---

[20] The elements are (1) a false statement of fact; (2) known by the defendant to be false at the time is was made; (3) made for the purpose of inducing the plaintiff to act in reliance thereon; (4) acted on by the plaintiff in reliance on the representation; and (5) resulting damage to the plaintiff." *Nutrivida, Inc. v. Inmuno Vital, Inc.*, 1997 WL 1106569, *8 (S.D. Fla. 1997).

s/ Gerald J. Houlihan

Gerald J. Houlihan (Florida Bar No. 0458430)
Email:  houlihan@houlihanlaw.com
Houlihan & Partners, P.A.
504 Aragon Avenue
Miami, Florida 33134
Telephone:     (305) 460-4091
Facsimile:      (305) 397-0955

John G. Froemming, Esq. (*pro hac vice*)
Email:  jfroemming@jonesday.com
Jessica D. Bradley, Esq. (*pro hac vice*)
Email:  jbradley@jonesday.com
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:     202-879-4693
Facsimile:      202-626-1700

Attorneys for Abercrombie & Fitch Stores, Inc. and Abercrombie & Fitch Co.

11

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

s/ Gerald Houlihan_____
Gerald J. Houlihan

**SERVICE LIST**

Richard Charles Wolfe, Esq.
Email:  rwolfe@wolfelawmiami.com
Darren Adam Heitner, Esq.
Email:  dheitner@wolfelawmiami.com
Wolfe Law Miami, P.A.
175 SW 7 Street, Penthouse 2410
Miami, FL 33131
Telephone:    305-384-7370
Facsimile:     305-384-7371

Attorneys for MPS Entertainment, LLC
and Michael P. Sorrentino

12