UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:11-cv-24110 - LENARD/O'Sullivan

MPS Entertainment, LLC and
Michael P. Sorrentino,

       Plaintiffs,

v.

Abercrombie & Fitch Stores, Inc., and
Abercrombie & Fitch Co.,

       Defendants.
_____/

## **DECLARATION OF JESSICA D. BRADLEY**

Jessica D. Bradley declares as follows,

  1. I am an associate at Jones Day, attorneys for Abercrombie & Fitch Stores, Inc. and Abercrombie & Fitch, Co. ("A&F" or "Defendants").  I am admitted *pro hac vice* in this matter. I submit this declaration in support of Defendants' Reply In Support Of Their Motion To Strike Irrelevant Material And Unsupported Allegations From Plaintiffs' Second Amended Complaint.  The matters referred to in this declaration are based upon my personal knowledge, and/or when referencing documents, such documents were reviewed by me and where applicable, were obtained and compiled at my instruction by other attorneys and paralegals employed by Jones Day, and if called as a witness I could and would testify competently thereto.

  2. On May 2, 2012 I issued subpoenas to MTV Networks Company ("MTV") and Viacom International, Inc. ("Viacom") on behalf of A&F seeking documents relevant to Plaintiffs' claims, including documents regarding GTL.  Attached hereto as **Exhibits 1 and 2** are true and correct copies of the document subpoenas issued to MTV and Viacom ("A&F

WAI-3081146v1

Subpoenas")  (*see* Document Request Nos. 1, 2, 5, 6 and 7 in Ex. 1 (pp. 5-6) to each of the A&F Subpoenas for requests regarding "GTL").

3. On May 9, 2012 I initially met and conferred by telephone with Elizabeth Jones, Counsel for Viacom Media Networks, a division of Viacom International Inc., regarding the subpoenas issued to MTV and Viacom.

4. During the May 9 call Ms. Jones stated that Plaintiffs' counsel Mr. Wolfe had told MTV and Viacom that Plaintiffs were dropping their GTL claims from the case and accordingly Ms. Jones stated MTV and Viacom should not need to produce any documents about Plaintiffs' GTL claims.

5. I informed Ms. Jones that A&F's subpoenas encompassed more than just the GTL claims, but that this was the first time Defendants had heard about Plaintiffs' intention to drop claims from the case and I had to follow up with Mr. Wolfe before dropping our request for documents relating to the GTL claims.  Attached hereto as **Exhibit 3** is a true and correct copy of the e-mail from myself to Ms. Jones, dated May 9, 2012, regarding the initial meet and confer telephone conference.

6. On May 9, 2012 Mr. Froemming, counsel for A&F, e-mailed Mr. Wolfe, regarding whether Plaintiffs were dropping their claim regarding the alleged GTL mark.  Mr. Wolfe replied in the affirmative and stated he would do so in the next few days.  Attached as **Exhibit 4** is a true and correct copy of the e-mail exchange between Mr. Froemming and Mr. Wolfe, dated May 9, 2012.

7. Based on Mr. Wolfe's representations to MTV and Viacom, and his subsequent confirmation via e-mail to Mr. Froemming, A&F did not seek documents responsive to its GTL requests in the A&F Subpoenas.

8. Attached hereto as **Exhibit 5** is a true and correct copy of the News Releases section of A&F's Investor Relations website listing the date of A&F's press release regarding Plaintiff Sorrentino as August 16, 2011.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 26th day of July 2012.

                                                                            Jessica D. Bradley